RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JUL 16  A 11: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John H. Gambrell, #200600933, | C. A. No. 2:06-2943-CMC-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Joey Preston, County Administrator; Arlette Jones, Sargent ACDC; Dr. Hellmans, Doctor ACDC; and Nurse Donald Hampton, Head Nurse ACDC, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a pre-trial detainee proceeding pro se and in forma pauperis is before the undersigned United States

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

On October 13, 2006, John Henry Gambrell, filed this action against Joey Preston, Anderson County Administrator, Arlette Jones, Sargent, Anderson County Detention Center (ACDC), Dr. Hellams, Doctor, ACDC, and Nurse Donald Hampton, Head Nurse, ACDC. Plaintiff alleges improper medical care, that he was not given cleaning supplies for his cell, and that he was provided with a previously used shaving razor. Plaintiff seeks damages.

On March 2, 2007, the defendants filed a motion for summary judgment along with Gambrell's ACDC medical records, and the affidavits of Sgt. Arlette Jones, Nurse Donald Hampton, and Dr. James Hellams. On March 7, 2007, Gambrell was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 14, 2007, Gambrell wrote an unverified letter to the undersigned indicating that he was given razors which had been put through the dishwasher and that he had an attorney "looking into" his case. On April 17, 2007, the plaintiff was ordered to respond to the Roseboro order within ten (10) days. Plaintiff wrote a second unverified letter to the undersigned asking that his case not be dismissed and indicating that he did have

2

evidence against Dr. Hellams. To date the plaintiff has not filed any affidavits or other evidence. Hence it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

## LAW RELATED TO MEDICAL CARE AFFORDED PRE-TRIAL DETAINEES

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one who has committed a crime. See, U.S. Const. Amend. VIII. However, pretrial detainees, like the plaintiff here, complaining of inadequate medical care proceed under the Fourteenth Amendment, rather than the Eighth Amendment. "[T]he Supreme Court has ... [observed] ... that the Fourteenth Amendment rights of pre-trial detainees 'are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001) (quoting City of Revere v. Massachusettes Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979 (1983).

To prevail on a claim of inadequate medical care, a detainee must show acts or omissions sufficiently harmful to constitute deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). First, he must objectively show that the deprivation suffered or the injury inflicted was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Then, he must show that the defendant detention center medical personnel responsible for his care acted with deliberate indifference to his serious medical need. Id. These requirements go beyond even a showing of gross negligence or recklessness, and requires Plaintiff to establish

4

the defendants acted with an indifference as would "offend evolving standards of decency." Id.

Basically, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. The official must know of and disregard an objectively serious condition, medical need, or risk of harm. A defendant is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844, 114 S.Ct. at 1982; see, Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988); Cf. Whitley

v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

Likewise, constitutionally, jails are not required to furnish detainees the best of care, only reasonable care. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). The constitution also does not guarantee a detainee the treatment of his choice. Jackson v. Fair, 846 F.2d 811 (1st Cir. 1988).

### RESPONDEAT SUPERIOR

It is settled that the doctrines of vicarious liability and respondeat superior do not apply in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). A defendant cannot be held liable for the acts of others without specific wrongdoing by that defendant. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

### QUALIFIED IMMUNITY

The doctrine of qualified immunity protects government officials who are carrying out discretionary functions from personal monetary liability in cases where their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Cleavinger v. Saxner, 474 U.S. 193 (1985), the United States Supreme Court upheld the

6

extension of qualified immunity to prison officials.  In discussing the issue of qualified immunity, the Court of Appeals for the Fourth Circuit stated that:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 118 S.Ct. 89 (1995).

In addressing the defense of qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation."  Wilson v. Lane, 526 U.S. 286, 290 (1999). If the court initially determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist."  Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998).

## **FACTS**

The facts either undisputed or according to the plaintiff as the non-moving party and all reasonable inferences therefrom are as follow. On April 7, 2006, Plaintiff's left eye was painful, "red, swollen, and draining." (Complaint at 3). At some undisclosed time Plaintiff showed his eye to defendant Nurse Hampton who told Plaintiff that "it wasn't pink eye." Id. Plaintiff asked to see a doctor regarding his eye on April 9, 2006. (Aff. of Hampton). Nurse Freeman placed Plaintiff on the doctor's list and instructed Plaintiff to use hot compresses until he could see the doctor. Id. Plaintiff filled out request forms to see the doctor about his eye on April 10, 11, and 12, 2006. Dr. Hellman examined the plaintiff's eye on April 16, 2006, diagnosed conjunctivitis, and prescribed Neosporin, a common treatment for conjunctivitis. Plaintiff's eye responded to the Neosporin and he made no further requests to medical personnel. There is no evidence of any residuals from the conjunctivitis.

Plaintiff next contracted a staphylococcus infection on his face while housed at the ACDC. Plaintiff was examined by Dr. Hellmans, his infection was diagnosed through a laboratory study, the antibiotic Keflex was prescribed for Gambrell as well as a pain medication, and the infection resolved.

8

Gambrell was not given bleach or Ajax to clean his cell, and he was given recycled disposable razors with which he shaves.

Doctor Hellmans withheld a laboratory report from the plaintiff which confirmed that he had contracted a staphylococcus infection because Dr. Hellmans is afraid of being sued by the plaintiff since the plaintiff sued all the present defendants save Dr. Hellmans in another action, C/A 2:06-1779-CMC-RSC, in which he complained that he was bitten by a spider at ACDC.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' motion for summary judgment should be granted.

Although Joey Preston, the Anderson County Administrator and Arlette Jones, Sergeant at the ACDC, are named as defendants, Gambrell makes no mention of them otherwise in his complaint. Section 1983 suits can only be brought against a person who personally denied a plaintiff of a constitutionally guaranteed right, and to the extent Gambrell sued these two defendants because they are supervisors, such vicarious liability cannot be imposed on those defendants. Monnell v. Department of Social Services, 436 U.S. 658, 694 (1978). Preston and Jones should be dismissed on that basis.

Next, the plaintiff's verified complaint about how his conjunctivitis was handled at most alleges an incorrect diagnosis by defendant Nurse Hampton. He has not demonstrated either a

9

serious medical need or that Hampton had a sufficiently culpable state of mind; the worst that he alleged is negligence. The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. Sosabee v. Murphy, 797 F.2d 179 (4th Cir. 1986). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, supra.

He also alleges that his conjunctivitis treatment was delayed, but he cannot allege that a defendant here did anything to cause the six day delay in seeing a doctor. Even if he had shown that a defendant was responsible, he has not shown that such person had a sufficiently culpable state of mind, or that the delay in treatment causes him "'to suffer a life-long handicap or permanent loss.'" Coppage v. Mann, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)).

Further, to the extent that the plaintiff claims that he contracted his infection because the ACDC is not clean[2], he did

---

[2] Defendants have submitted the Affidavit of Sgt. Arlette Jones which asserts that inmates are responsible for cleaning their cell area and are given cleaning supplies every day. Jones admits that inmates are no longer given bleach as Plaintiff states. However, bleach has been replaced by another product which is more effective on staph germs and kills HIV (Jones Aff. ¶ 5). Jones also disputes that the information Plaintiff cites from an officer or trustee concerning disposable razors is not true. Jones states that disposable razors have never been reused

10

not indicate that any defendant caused the unsanitary conditions, or presented any proof that his infection was causally linked to the alleged conditions. As such, he has wholly failed to allege that a defendant caused a constitutional deprivation.

Lastly, Dr. Hellmans is entitled to qualified immunity on Gambrell's allegation that he did not inform Gambrell of his test results. A detainee simply does not enjoy a statutory or constitutional right to be informed by the doctor of the results of a medical test without more. See, generally, <u>Wiley v. Doory</u>, 14 F.3d 993 (1994). Since none of Gambrell's rights have been violated, the qualified immunity inquiry ends, "because government officials cannot have known of a right that does not exist." <u>Porterfield v. Lott</u>, 156 F.3d 563, 567 (4th Cir. 1998).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions for summary judgment be granted and the matter ended.

                                        Respectfully Submitted,

                                        */s/ Robert S. Carr*
                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

July 16, 2007

---

at ACDC and are not placed in the dishwasher as Plaintiff alleges. (Jones Aff. ¶ 4).

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).